KUMAR, Acting P. J.,
Dissenting. — I respectfully dissent.
The trial court erred by ruling that, solely because the lease allowed for forfeiture based on “any” breach, it was unnecessary for the landlord to prove the breach was material in order to prevail on his unlawful detainer action. The court’s error was prejudicial because, if a trier of fact had applied the law defining a “material breach” to the undisputed facts of the case, it is reasonably probable, and indeed quite likely, a trier of fact would have determined the breach was not material.
The law governing contractual breaches is settled. “[Although every instance of noncompliance with a contract’s terms constitutes a breach, not every breach justifies treating the contract as terminated. [Citations.] Following the lead of the Restatements of Contracts, California courts allow termination only if the breach can be classified as ‘material,’ ‘substantial,’ or *Supp. 40 ‘total.’ [Citations.]” (Superior Motels, Inc. v. Rinn Motor Hotels, Inc. (1987) 195 Cal.App.3d 1032, 1051 [241 Cal.Rptr. 487] (Superior Motels); see Medico-Dental etc. Co. v. Horton & Converse (1942) 21 Cal.2d 411, 433 [132 P.2d 457] [a breach of a contractual right in a trivial or inappreciable respect will not justify rescission of the agreement by the party entitled to the benefit in question]; Strom v. Union Oil Co. (1948) 88 Cal.App.2d 78, 81-85 [198 P.2d 347].) “ ‘[W]hether a breach is so material as to constitute cause for the injured party to terminate a contract is ordinarily a question for the trier of fact.’ [Citations.]” (Superior Motels, supra, at pp. 1051-1052.)
Here, the trial court ruled the materiality of the breach at issue was not a question for the trier of fact because the language in the lease allowed for forfeiture upon “any” breach. In determining the trial court’s ruling was proper, the majority holds it is appropriate to circumvent the requirement that contractual forfeiture must be triggered by a material breach where, as in this case, a lease specifies that the failure to comply with a term will allow the landlord to forfeit the agreement and terminate the tenant’s right to possession.
The rule created by the majority is contrary to decades of jurisprudence requiring a breach to be material in order to justify contractual forfeiture. Neither the majority nor the landlord cite any published authority in California or any other state standing for the proposition that a lease is properly subject to forfeiture upon an immaterial breach.
In fact, a plethora of published authority has held to the contrary. In deciding forfeiture for a trivial breach of a lease should not be enforced, the Arizona Supreme Court recognized as much:[1] 2“[A]n overwhelming majority of courts[2] has concluded, without reference to a specific statutory provision, that a lease may not be forfeited for a trivial or technical breach even where the parties have specifically agreed that ‘any breach’ gives rise to the right of termination. [Citation.] These courts note the sophistication and complexity *Supp. 41 of most business interactions and are concerned, therefore, that the possibilities for breach of a modem commercial lease are virtually limitless. In their view, the parties to the lease did not intend that every minor or technical failure to adhere to complicated lease provisions could cause forfeiture. Accordingly, nearly all courts hold that, regardless of the language of the lease, to justify forfeiture, the breach must be ‘material,’ ‘serious,’ or ‘substantial.’ ” (Loehmann’s, supra, 788 P.2d at p. 1196.)
The majority seem to distinguish Loehmann’s on the ground that the tenant in Loehmann’s argued the breached term of the contract was unconscionable. The majority is mistaken as unconscionability was not the dispute in Loehmann’s. The Arizona Supreme Court characterized the issue before it as follows: “The trial court ruled that Loehmann’s delay in paying a common area charge was a trivial breach of its lease and therefore refused to permit the landlord, Foundation Development Corporation (Foundation), to re-enter and take possession of the leased premises. The court of appeals reversed. We granted review to clarify the law dealing with triviality of breach as a defense to a forfeiture of a tenant’s interest in a commercial lease. [Citation.]” (Loehmann’s, supra, 788 P.2d at p. 1190.)[3]
In pertinent part, the Arizona Supreme Court summed up its holding as follows: “[W]e decline to hold that any breach, no matter how trivial or insignificant, can justify a forfeiture. Nor do we believe such a rule could long survive. Trivial or not, the delay in paying the rent here was at most three days. What if the breach had been three hours instead of three days or the check had been lost in the mail and came at three minutes after midnight? The questions almost answer themselves. Therefore, we now join the overwhelming majority of jurisdictions that hold the landlord’s right to terminate is not unlimited. We believe a court’s decision to permit termination must be tempered by notions of equity and common sense. We thus hold a forfeiture for a trivial or immaterial breach of a commercial lease should not be enforced.” (Loehmann’s, supra, 788 P.2d at pp. 1196-1197, fn. omitted.)
It is true that, in identifying the “[standard for [e]valuating the [triviality of a [b]reach,” Loehmann’s stated, “we believe a material provision of a lease may be breached in such a trivial manner that to enforce a forfeiture would be unconscionable and inequitable. [Citations.]” (Loehmann’s, supra, 788 P.2d at p. 1197.) But, the Arizona Supreme Court was not suggesting unconscionability was a defense asserted by Loehmann’s. Rather, it was simply pointing out that forfeiture, based on trivial breaches, may be unconscionable and *Supp. 42 unreasonable. Loehmann’s contains no discussion concerning the defense of unconscionability as such a defense was not at issue.
By ruling all breaches, regardless of materiality, warranted forfeiture of the lease, the trial court improperly removed the issue from the trial. The question then becomes whether the court’s error was prejudicial. (Cal. Const., art. VI, § 13 [judgment cannot be reversed unless trial court error resulted in a miscarriage of justice]; Pool v. City of Oakland (1986) 42 Cal.3d 1051, 1069 [232 Cal.Rptr. 528, 728 P.2d 1163] [prejudice exists if there is a reasonable probability a result more favorable to the appealing party would have been reached in the absence of the error].) Given the undisputed facts, it was.
“Cardozo had occasion to examine the distinction between material and inconsequential breaches in his landmark decision regarding substantial performance of a construction contract. ‘The courts never say that one who makes a contract fills the measure of his duty by less than full performance. They do say, however, that an omission, both trivial and innocent, will sometimes be atoned for by allowance of the resulting damage, and will not always be the breach of a condition to be followed by a forfeiture.’ [Citation.] ‘Where the line is to be drawn between the important and the trivial cannot be settled by a formula. . . . The question is one of degree, . . . We must weigh the purpose to be served, the desire to be gratified, the excuse for deviation from the letter, the cruelty of enforced adherence. . . . [The] law will be slow to impute the purpose, in the silence of the parties, where the significance of the default is grievously out of proportion to the oppression of the forfeiture.’ [Citation.]” (Superior Motels, supra, 195 Cal.App.3d at p. 1051, quoting Jacob & Youngs, Inc. v. Kent (1921) 230 N.Y. 239, 241, 243-244 [129 N.E. 889].)
Fifteen years after the lease was signed, the landlord demanded the tenant obtain renter’s insurance. But, although said insurance was a term of the lease, the absence of it did not impact the landlord’s profit margin or, in any way, increase the landlord’s exposure to liability. Indeed, the purpose of the insurance was to protect the tenant, not the landlord.[4]
The landlord served the three-day notice by posting it on February 14, 2014 — a Friday. Given the following two days constituted a weekend, it is reasonable to conclude the options of open and available rental insurance companies were limited. In any event, the tenant’s compliance was a mere four days after the three-day notice expired.
*Supp. 43 The tenant was prejudiced by the trial court’s error because, based on the record, this was not a close case when it came to triviality. Setting aside what could have been the unseemly motives of the landlord, if any breach of a lease is immaterial, it appears to be the breach in this case. I would reverse the judgment.

 “Decisions of the courts of other states are regarded as persuasive in varying degrees, depending on the point involved.” (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 940, p. 980, italics omitted.) There are no California cases addressing the propriety of forfeiting a lease (as opposed to another type of contract) solely based on the tenant’s trivial breach.

2 In a footnote, the Arizona Supreme Court cited cases from various jurisdictions holding, in a variety of circumstances, that materiality was a factor in determining whether forfeiture was warranted. (Foundation Development Corp. v Loehmann’s (1990) 163 Ariz. 438, 445, fn. 10 [788 P.2d 1189, 1196] (Loehmann’s).) Those jurisdictions included, the First Circuit Court of Appeals, California, Connecticut, Georgia, Illinois, Iowa, Kansas, Kentucky, Louisiana, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York, Ohio, Pennsylvania, Tennessee, Texas, Vermont, Virginia, and Wisconsin. (Ibid.)

 Although Loehmann’s considered the breach of a provision in a commercial lease, the majority provide no reason for treating a residential lease any different.

 The clause states, in part: “Renter shall obtain and pay for any insurance coverage necessary to protect Renter or Renter’s property from any loss or expense caused by [certain specified acts or persons].” (Italics added.)